## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| DANIEL J. ACKERSON | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO. |
| | ) |
| USAA GENERAL INDEMNITY COMPANY, | ) |
| a corporation, | ) |
| | ) |
| DEFENDANT. | ) |
| _____ | / |

## COMPLAINT

COMES NOW the Plaintiff, DANIEL J. ACKERSON, by and through his undersigned attorney and for the relief hereinafter requested, alleges as follows:

## JURISDICTION

1.      This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff, as hereinafter more fully appears.  This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

1

## VENUE

2.      The property made the basis of this action is located at 2052 Cornell Road, Middleburg, Clay County, Florida 32068 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3.      The Plaintiff, DANIEL J. ACKERSON, is an individual who was and still is the owner of the insured property and has been at all times material to the allegations set forth in the Complaint.

4.      The Defendant, USAA GENERAL INDEMNITY COMPANY, (hereinafter referred to as USAA) is a private insurance company qualified to do business in the state of Florida and participates in FEMA's "Write Your Own" (WYO) program.  Pursuant to the WYO program, USAA issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), USAA is responsible for "arranging the adjustment, settlement, payment and defense of all claims arising under the policy" and is named as a party Defendant solely for those purposes. FEMA actually receives and retains all of the premium paid for the Plaintiff's SFIP (less fees) and is responsible for any and all payments which may be due under the policy, including costs of defense incurred by USAA. USAA has no financial interest in this action other than collecting fees for its services. Any judgment which may be entered in this action will be a judgment against FEMA and will be paid by FEMA from U.S. Treasury funds.

2

## FACTUAL ALLEGATIONS
## BREACH OF CONTRACT

5.     On April 28, 2017, USAA issued an SFIP to the Plaintiff, namely, Policy No. 0437 76 01 1F, for a one (1) year period, whereby USAA agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by USAA to the Plaintiff during the above-referenced time period.

6.     The SFIP issued to the Plaintiff covered flood damage to the Plaintiff's building and other structures as described under Coverage A up to a limit of $240,800; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of  $30,000.

7.     On or about September 10-11, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiff's land and the surrounding area.  As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to his building and incurred expenses for debris removal and safe storage of his property.

8.     The Plaintiff timely notified the Defendant of his loss and the claim  was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiff.

Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is not binding on the Defendant or the Plaintiff and is furnished as "a matter of courtesy only". As a result, payment was made to the Plaintiff pursuant to his SFIP for loss or damage to the insured property.

9.      Plaintiff disagreed and still disagrees with the Defendant's estimate and payment on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiff's building and his community; and, the adjuster used inappropriate and/or inadequate methods of repair. On or about September 9, 2018, as required by his SFIP, Art.VII.J.4., Plaintiff submitted a request for additional payment evidenced by a Proof of Loss and a detailed, line item repair estimate reflecting the cost to repair all of the flood damaged items covered by the SFIP with materials of like kind and quality for like use.

10.     The above described SFIP was in full force and effect at the time of the Plaintiff's loss and he has performed all conditions precedent entitling him to the coverages, payments, and benefits afforded by said policy.

11.     The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused, without substantial legal justification or excuse, to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12.    As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to his insured property and will incur attorney fees, case expenses and costs to collect the correct amount due under the policy. Since FEMA, a federal agency, is responsible for and will be obligated to pay any judgment entered as a result of this action, Plaintiff is claiming attorney fees, case expenses and costs due under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff may also incur attorney fees, case expenses and costs in seeking payment under EAJA.

WHEREFORE, Plaintiff demands judgment against the Defendant for an amount up to and including the above coverage limits under his SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; any fees, case expenses and costs incurred in connection with his fee request under EAJA ; and, any and all other appropriate relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ JAMES M. MESSER
James M. Messer
FL. Bar # 0655880
One South "A" Street, Suite 104
Pensacola, Florida 35202
Tel: (850) 266-4641
Email: messerlaw@att.net

ATTORNEY FOR PLAINTIFF